HELENE N. WHITE, Circuit Judge
(concurring in part and dissenting in part).
I join in the affirmance of the district court’s dismissal of Bhama’s termination claim.
I respectfully dissent as to the failure-to-promote claim, because I conclude that Bhama presented sufficient evidence to raise a genuine issue of material fact regarding whether Mercy’s stated reasons were pretextual.
In this regard, I do not agree that Bhama forfeited the argument that Mercy’s stated reasons for not promoting him were not the real reasons, i.e., that they did not actually motivate Mercy’s denial of promotion. Bhama advanced both grounds for his pretext argument in the district court: that the purported reasons Mercy relied on in not promoting him were not true, i.e., had no basis in fact, and that Mercy’s articulated reasons were not the real reasons he was denied promotion, i.e., did not actually motivate Mercy’s failure to promote Bhama.[1]
Further, I do not agree that Bhama’s burden of persuasion once Mercy offered reasons supporting its decisions not to promote him was to show that each proffered reason Mercy advanced was pretextual. Where, as here, a defendant does not argue that each reason it articulated would have independently resulted in the adverse employment action, a plaintiff need only show that some of the reasons are pretextual. Asmo v. Keane, Inc., 471 F.3d 588, 596 (6th Cir.2006).
Bhama presented evidence below that at the time Mercy denied him promotions in March 2007, he did not have a documented history of ineffective communication, he had not received the cited numerous complaints from colleagues and patients, and had not had difficulty getting along with Nuclear Medicine personnel. Bhama’s 2004 evaluation rated him as 2.03, a superlative score given that 2.0 is the highest possible rating and represents “exceeds standards.” His 2005 evaluation, dated February 27, 2006, rated him as 2.0 in the Customer Service/Teamwork category, which included a 2.0 rating for “Displays an attitude of teamwork and respect for the hospital as a whole, with supervisor and with fellow employees.” It was only in the evaluation dated February 28, 2007, shortly before Bhama interviewed for promotion on March 21, 2007, that his overall rating dropped significantly — to 1.06.[2] This evaluation stated:
*557 Very respectful of patients. Always addresses them as sir/madam. Prem needs to keep the lines of communication open between himself and supervisor and coworkers to avoid potential misunderstandings....
In sum, Bhama’s performance evaluations do not support three of the reasons Mercy advanced in the district court for denying him promotion: that he had a documented history of ineffective communication; received numerous complaints from colleagues and patients; and had difficulty getting along with Nuclear Medicine personnel.
I note that Bhama also argued in response to Mercy’s summary judgment motion that the reasons Miller gave on deposition for not promoting him are not the reasons Mercy argued in the district court. R. 32 at 17-18. On deposition, Miller testified that she believed Bhama was qualified for the Lead Tech position, that he had prior experience in that arena, but that she had concerns regarding Bhama based on observations in previous encounters that he had an “inability to change,” and that she was looking at how well they could work together. Miller dep. 25-27. When asked what she meant by “inability to change,” Miller responded, “Policies, procedures, maybe processes in the department that we need to, you know, move forward with. I, you know, just didn’t think his ability to change with my management maybe experience was similar ...” Id. at 26. She answered “no” when asked if she had additional concerns about Bhama.
In the district court, Mercy argued that:
Cindy Miller’s and Dianna Redman’s reasons for choosing Erin Wesley and Ray Palmatier instead of Plaintiff are undisputed: (1) Erin enthusiastically outlined her plans for improving the nuclear medicine department during her interview; (2) Cindy Miller and Dianna Redman believed Erin could bring innovative ideas to the Nuclear Medicine Department; (3) Ray Palmatier previously demonstrated that he could perform as the Special Imaging Manager; (4) Plaintiff had a documented history of ineffective communication; (5) Plaintiff received numerous complaints from colleagues and patients; (6) Plaintiff had difficulty getting along with Nuclear Medicine personnel; (7) Miller and Red-man had personal knowledge regarding Plaintiffs ineffective communication and inability to work as a team; and (8) Plaintiff failed to reassure either Cindy Miller or Dianna Redman during his interview that he could improve his communication skills and become an effective manager. [3]
That an employer changes rationale for making an adverse employment decision can be evidence of pretext. Asmo, 471 F.3d at 596; Cicero v. Borg-Wagner Auto., Inc., 280 F.3d 579, 592 (6th Cir. 2002). “While the Court does not question business decisions, the Court does question a defendant’s proffered justification when it shifts over time. When the justification for an adverse employment action changes during litigation, that inconsistency raises an issue whether the proffered reason truly motivated the defendant’s de *558 cisión.” Cicero, 280 F.Sd at 592. It is for a jury to decide whether these varying articulations of Mercy’s rationale for not promoting Bhama are sufficient to demonstrate pretext. In sum, because I conclude that a reasonable jury could infer from the evidence, when viewed in a light most favorable to Bhama, that some of Mercy’s reasons for not promoting him were pretextual, I would reverse the dismissal of Bhama’s failure to promote claims.

. Bhama's response to Mercy's motion for summary judgment argued, inter alia, that "[t]he reasons advanced by Defendant for denying Plaintiff his promotions are not true and/or were not considered when denying Plaintiff the subject promotions,” and that "Defendant’s purported reasons for Plaintiff's promotion denials are simply not true and were not, in fact, considered in denying Plaintiff those promotions.” R. 32 at 16.

. During her deposition, Miller testified that after she assumed a management role at the hospital, she recalibrated the assignment of performance ratings to employees in her department. Under the rating system, employees are evaluated on a 0-2 scale, where 0 means “does not meet standard,” 1 means "meets standard,” and 2 means "exceeds standard.” Prior to Miller’s tenure, employees were routinely given twos for satisfactory work. As Miller saw it, "[a] two [should be *557 reserved for] if you go way above and beyond that job expectation....” R. 26 at 19. As a result, "some individuals who had two's all the time were now getting one's because their level of performance was what their job description and their expectation level was.” Id. at 20. Thus, Bhama's overall rating of 1.06, while significantly lower than his previous ratings, still fell above "meets standard” and signified satisfactory performance under Miller's system.

. Def.'s Summ. J. Mot., R. 17 at 18-19.